Per Curiam.
The note on which this suit was founded was dated 12th of February, 1838, payable in six months ; and to fix the liability of the indorsers, the plaintiff proved by the clerk of the notary, that the body of the protest was filled up by him and signed by the notary. That about the middle of August, 1838, at the request of the notary, he left a notice for Mitchell, at his room, and also placed one in the post-office for him ; and on the same day he left a notice for Pryor at his residence. He did not remember the amount or date of the note referred to in the notices, but was impressed with a belief that it was a note made by James Bland, and indorsed by Pryor and Mitchell. The notices were delivered on the day the note was protested. To establish demand, the plaintiffs proved by I. G. Bibby, that the note was in the Commercial and *255 Railroad Bank, where it was payable, during the whole day of its maturity and protest. The copy of the nóte on the back of the protest was made out in the handwriting of the witness, and corresponds with the note on which suit was brought, and the protest was made on the 15th of August, and the notary who made the protest is since dead. At the request of the plaintiff’s counsel, the Court charged the jury that they must be satisfied from all the circumstances in the case that notice was given ; that positive proof was not necessary ; to which charge the defendants excepted.
It is incumbent on the plaintiff to prove notice to the indorser ; and it has been held, that proof from which notice may be inferred, will not do ; but in no case has the rule been laid down so rigidly as to require positive proof. It certainly should be proved, however, with at least a reasonable degree of certainty, and mere circumstantial evidence may be insufficient; but in this instance there is scarcely room for a doubt. The only possible defect in the evidence is, that the clerk did not certainly know that the notices which he delivered related to the note sued on, and yet every circumstance tends to show that the notices had reference to this note, and to no other. We think the instruction of the Court was right, and that the evidence fully sustains the verdict.
Judgment affirmed.